UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| S.USA LIFE INSURANCE COMPANY, INC., <br><br> Plaintiff; <br><br> v. <br><br> FRANK ANTHONY MIRANDO <br><br> and <br><br> DAVID HOWARD BROMBERG, <br><br> Defendants. | Civil Action No. 7:18CV544 |

COMPLAINT

Plaintiff S.USA Life Insurance Company, Inc. ("S.USA Life"), complains of Defendants Frank Anthony Mirando ("Mirando") and David Howard Bromberg ("Bromberg," and together with Mirando, "Defendants") as follows:

**Nature of the Action**

1.  This is a breach-of-contract action arising from Defendants' failure to repay S.USA Life for commission chargebacks as required under their respective contracts with the company.

**Parties**

2.  S.USA Life is a corporation organized and existing under the laws of Arizona, with its statutory home office at 815 North 1st Avenue, Phoenix, Arizona

{2363354-1, 119528-00002-01}

85003; and its principal executive office at 460 W. 34th Street, Suite 800, New York, New York 10001.  S.USA Life is thus a citizen of Arizona and New York for jurisdictional purposes.

3. Mirando is a natural person who is domiciled at 3407 Willow Wood Rd., Lauderhill, Florida 33319.  He is thus a citizen of Florida for jurisdictional purposes.

4. Bromberg is a natural person who is domiciled at 9411 N.W. 72nd St., Tamarac, Florida 33321.  He is thus a citizen of Florida for jurisdictional purposes.

**Jurisdiction and Venue**

5. This Court has subject-matter jurisdiction over S.USA Life's claims against Mirando under 28 U.S.C. § 1332(a), because the amount in controversy on those claims exceeds $75,000, exclusive of interest and costs, and because S.USA Life and Mirando are citizens of different States.

6. This Court has supplemental jurisdiction over S.USA Life's claims against Bromberg under 28 U.S.C. § 1367(a), because those claims are so related to S.USA Life's claims against Mirando that they form part of the same case or controversy, and because S.USA Life and Bromberg are citizens of different States.

7. Under the subject contracts, Defendants agreed to submit themselves to the jurisdiction of this Court.  This Court thus has personal jurisdiction over Defendants.

8. Under the subject contracts, Defendants agreed to venue in this Court. Venue is thus proper in this Court.

**Facts**

9. S.USA Life is in the business of selling insurance policies.

10. Defendants are, or at all times relevant were, independent insurance agents.

11. On July 1, 2017, S.USA Life and Mirando entered into a General Agent Contract ("Mirando Contract"). (A true copy of the Mirando Contract with personal identifiers redacted is attached as Exhibit A.) Under the Mirando Contract, S.USA Life agreed to appoint Mirando to solicit applications for its insurance policies and to pay him commissions on the insurance policies he sold, subject to certain terms and conditions.

12. On December 1, 2017, S.USA Life and Bromberg entered into a General Agent Contract ("Bromberg Contract," and together with the Mirando Contract, "Contracts"). (A true copy of the Bromberg Contract with personal identifiers redacted is attached as Exhibit B.) Under the Bromberg Contract, S.USA Life agreed to appoint Bromberg to solicit applications for its insurance policies and to pay him commissions on the insurance policies he sold, subject to certain terms and conditions.

13. In accordance with the Contracts, S.USA Life would pay Defendants a commission when an application for an insurance policy was received by the company. This commission included an "advance" of a certain portion of the commission that would be coming due for the first year of the insurance policy. But if the insurance policy was later rescinded, processed as "not taken," or terminated within the first

year, then S.USA Life would assess Defendants with a commission chargeback for all or part of the commission it paid them on the insurance policy, including overpayment of any part of the commission that had been advanced.

14. Under the Contracts, if commission chargebacks assessed to Defendants were not offset by commissions due or to become due to them, then they agreed to repay the commission chargebacks to S.USA Life within 30 days of receiving written notice of the total amount due from the company.  And if Defendants did not pay the total amount due to S.USA Life within those 30 days, then they agreed to pay all costs of collection, including attorney's fees, as well as 12% interest on the total amount due to the company.

15. At all times relevant, Mirando was Bromberg's "upline" agent. As such, Mirando received commissions from S.USA Life on the insurance policies that Bromberg sold.  But Mirando agreed to be jointly and severally liable for all amounts due to S.USA Life from Bromberg under the Bromberg Contract.

16. From July 1, 2017 to July 26, 2018, S.USA Life assessed Mirando with $99,348 in commission chargebacks.

17. On July 26, 2018, S.USA Life sent Mirando written notice, terminating the Mirando Contract and demanding repayment of the $99,348 in commission chargebacks within 30 days.  (A true copy of the written notice is attached as Exhibit C.)  More than 30 days have passed since S.USA Life sent that written notice, and Mirando has failed to repay the full amount of the commission chargebacks.

18. As of the date of this Complaint, Mirando owes S.USA Life a total of $93,556.35 in commission chargebacks.

19. From December 1, 2017 to July 26, 2018, S.USA Life assessed Bromberg with $21,643 in commission chargebacks.

20. On July 26, 2018, S.USA Life sent Bromberg written notice, terminating the Bromberg Contract and demanding repayment of the commission chargebacks within 30 days. (A true copy of the written notice is attached as Exhibit D.) More than 30 days have passed since S.USA Life sent that written notice, and Bromberg has failed to repay the full amount of the commission chargebacks.

21. As of the date of this Complaint, Bromberg owes S.USA Life a total of $21,550.19 in commission chargebacks.

22. As Bromberg's upline agent, Mirando is jointly and severally liable for the full amount of Bromberg's commission chargebacks.

23. Even though S.USA Life has terminated the Contracts, Defendants' obligations to repay the commission chargebacks, together with all costs of collection and 12% interest on the total amounts due, survive.

24. The Contracts are governed by and are to be construed in accordance with Virginia law.

**Count I – Breach of Contract (Mirando)**

25. S.USA Life realleges and incorporates the allegations set forth above in paragraphs 1–24.

26. As reflected by their signatures, S.USA Life and Mirando mutually assented to the Mirando Contract, which is supported by adequate consideration. The Mirando Contract is thus valid and enforceable under Virginia law.

27. S.USA Life fully performed under the Mirando Contract by (among other things) timely paying Mirando all commissions he was owed for the insurance policies he sold for the company.

28. But some of the insurance policies for which Mirando was paid commissions by S.USA Life were later rescinded, processed as "not taken," or terminated within the first year. As a result, S.USA Life assessed him with commission chargebacks for those policies. Under the Mirando Contract, he must repay those commission chargebacks within 30 days of receiving written notice of the total amount due from S.USA Life.

29. On July 26, 2018, S.USA Life sent Mirando written notice of the total amount of the commission chargebacks and demanded that he repay that amount within 30 days, in accordance with the Mirando Contract. More than 30 days have passed since S.USA Life sent that written notice, and Mirando has failed to repay the full amount of the commission chargebacks.

30. By failing to repay the total amount of the commission chargebacks to S.USA Life, Mirando has breached the Mirando Contract.

31. As a result of Mirando's breach of the Mirando Contract, S.USA Life has sustained damages totaling at least $93,556.35.

### Count II – Unjust Enrichment (Mirando)

32. S.USA Life realleges and incorporates the allegations set forth above in paragraphs 1–24.

33. By paying Mirando commissions on insurance policies that were later rescinded, processed as "not taken," or terminated within the first year, S.USA Life conferred a benefit on him.

34. Mirando knew of the benefit and should have reasonably expected to repay S.USA Life for it.

35. Mirando accepted the benefit without paying for its value.

36. By accepting the benefit without paying for its value, Mirando has been unjustly enriched. That enrichment equals at least the value of the commissions—$93,556.35.

### Count III – Breach of Contract (Bromberg and Mirando)

37. S.USA Life realleges and incorporates the allegations set forth above in paragraphs 1–24.

38. As reflected by their signatures, S.USA Life and Bromberg mutually assented to the Bromberg Contract, which is supported by adequate consideration. The Bromberg Contract is thus valid and enforceable under Virginia law.

39. S.USA Life fully performed under the Bromberg Contract by (among other things) timely paying Bromberg all commissions he was owed for the insurance policies he sold for the company.

40. But some of the insurance policies for which Bromberg was paid commissions by S.USA Life were later rescinded, processed as "not taken," or terminated within the first year. As a result, S.USA Life assessed him with commission chargebacks for those policies. Under the Bromberg Contract, he must repay those commission chargebacks within 30 days of receiving written notice of the total amount due from S.USA Life.

41. On July 26, 2018, S.USA Life sent Bromberg written notice of the total amount of the commission chargebacks and demanded that he repay that amount within 30 days, in accordance with the Bromberg Contract. More than 30 days have passed since S.USA Life sent that written notice, and Bromberg has failed to repay the full amount of the commission chargebacks.

42. By failing to repay the total amount of the commission chargebacks to S.USA Life, Bromberg has breached the Bromberg Contract.

43. As a result of Bromberg's breach of the Bromberg Contract, S.USA Life has sustained damages totaling at least $21,550.19.

44. As Bromberg's upline agent, Mirando is jointly and severally liable for the damages that S.USA Life has sustained as a result of Bromberg's breach of the Bromberg Contract.

### Count IV – Unjust Enrichment (Bromberg)

45. S.USA Life realleges and incorporates the allegations set forth above in paragraphs 1–24.

46. By paying Bromberg commissions on insurance policies that were later rescinded, processed as "not taken," or terminated within the first year, S.USA Life conferred a benefit on him.

47. Bromberg knew of the benefit and should have reasonably expected to repay S.USA Life for it.

48. Bromberg accepted the benefit without paying for its value.

49. By accepting the benefit without paying for its value, Bromberg has been unjustly enriched. That enrichment equals at least the value of the commissions—$21,550.19.

## Prayer for Relief

Based on the foregoing allegations, S.USA Life prays for judgment against Defendants as follows:

A. For money damages in the amount of at least $93,556.35 (reflecting the amount owed in commission chargebacks under the Mirando Contract as of the date of judgment) against Mirando;

B. For money damages in the amount of at least $21,550.19 (reflecting the amount owed in commission chargebacks under the Bromberg Contract as of the date of judgment) jointly and severally against Bromberg and Mirando;

C. For pre- and post-judgment interest at 12% on all monetary awards against Defendants;

D. For attorney's fees and costs of this action; and

E. For such other and further relief as this Court may deem just and proper.

## Jury Demand

S.USA Life demands a trial by jury.

Dated: November 3, 2018

S.USA LIFE INSURANCE COMPANY, INC.

By: /s/Justin E. Simmons
    Of Counsel

J. Benjamin Rottenborn (VSB No. 84796)
Justin E. Simmons (VSB No. 77319)
WOODS ROGERS PLC
P.O. Box 14125
Roanoke, VA 24038-4125
Phone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com
jsimmons@woodsrogers.com

*Counsel for Plaintiff S.USA Life Insurance Company, Inc.*